**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01160-RMR

YARITZA DEL CARMEN PALACIOS OTERO,

      Petitioner,

v.

JUAN BALTAZAR, *in his official capacity as Warden of the ICE Denver Contract Detention Facility;*
GEORGE VALDEZ; *a cting Denver Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement*
KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security*; and
PAMELA BONDI, *in her official capacity as Attorney General of the United States*,

      Respondents.

---

**ORDER**

---

      Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1. Respondents filed a Response to Order to Show Cause and Petition, ECF No. 9, and Petitioner Replied at ECF No. 11.[1] The Court reviewed the Petition, the Motion, the related briefing, and the applicable case

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), Todd Blanche was substituted for Pamela Bondi as the Acting U.S. Attorney General in the Reply (ECF No. 11) and Markwayne Mullin was substituted for Kristi Noem as Acting Secretary of the Department of Homeland Security Kristi Noem in the Response (ECF No. 9) and Reply (ECF No. 11).

law. As the briefing demonstrates, Petitioner's challenge is fundamentally legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

Petitioner is a 28-year-old citizen of Nicaragua who "is married to a U.S. citizen and has expressed her fear, multiple times, to ICE officials, that she will be tortured and even killed upon her return to Nicaragua." ECF No. 1 ¶ 23. She entered the United States on or around December 2022. *Id.* at ¶ 24. U.S. Border Patrol agents apprehended and released Petitioner on the same day she entered the United States. *Id*. at ¶ 24-25. Petitioner's husband filed a Form I-130 petition with U.S. Citizenship and Immigration Services on her behalf, sponsoring her for lawful permanent residence in the U.S. *Id*. at ¶ 27.

On December 9, 2025, Petitioner appeared at her local the U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal office to update her current address and ICE detained her. *Id*. at ¶ 28. She complied with all conditions of her release from December 5, 2022, through her detention on December 9, 2025. *Id*. at ¶ 26. Petitioner had a bond hearing on March 13, 2026, and the Immigration Judge denied bond solely on jurisdictional grounds relying on *Matter of Yajure Hurtado,* 29 I&N Dec. 216 (BIA 202), concluding that the court lacked authority to consider bond or conduct any custody review based on DHS's classification of Petitioner as subject to mandatory detention under 8 U.S.C. § 1225. *Id.* at ¶ 20, 36, 53.

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 9-14, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court

and the parties. Petitioner contends that she is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue "Writ of Habeas Corpus ordering Respondents to release respondent immediately, without any conditions imposed by ICE on her release" or in the alternative, issue a writ of habeas corpus directing, "DHS to conduct a prompt individualized, and reasoned custody determination at which DHS bears the burden of proof." *Id.* at 15. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 9 at 1-2 (citing *Mendoza Gutierrez v. Baltazar, et al.*, 25-cv-0272 0-RMR (D. Colo.)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *Id.* at 3.

Indeed, like in *Mendoza Gutierrez*, Petitioner has resided in the United States for over two years. ECF No. 1 at 1. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a fair bond hearing based on the government's assertion that, despite her long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 9 at 2-3. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez. Id.* at 3. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice

3

of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years") and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *5 (2d Cir. Apr. 28, 2026) *(*"In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A).")

This Court concludes that Petitioner made a strong showing that she is unlawfully detained under Section 1225(b)'s mandatory detention authority, and instead should be governed under Section 1226(a)'s discretionary detention scheme. Other district courts

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D[2] Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

in the Tenth Circuit have come to similar conclusions based on comparable facts. *See Salazar v. Dedos*, No. 1:25-CV-00835-DHU-JMR, 2025 WL 2676729, at \*6 (D.N.M. Sept. 17, 2025) (determining petitioner's, who entered the United States without inspection in the late 1980s and raised two U.S. Citizen children, detention should have been governed by § 1226 [rather than§ 1225] and that the denial of a meaningful bond review and his resultant continued detention violates his due process rights"); *Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at \*3 (D. Colo. Sept. 16, 2025) (agreeing "with Petitioner that Respondents were wrong to detain him without an opportunity to seek release on bond" because '[p]etitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions.")

## CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall release Petitioner within **24 hours** of this Courts order and may not impose any additional conditions of release or supervision,

3. Respondents shall file a status report within **TWO DAYS** of Petitioner's release to certify compliance; and

5

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.


DATED: May 6, 2026

                                        BY THE COURT:

                                        _____
                                        REGINA M. RODRIGUEZ
                                        United States District Judge